FILED'10 DEC 01 14:20 USDC-ORE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

KRISTINE M. PHILLIPS,                                              09-CV-6061-TC

                    Plaintiff,

          v.                                                       ORDER

MARION COUNTY SHERIFF'S OFFICE, a
department of Marion County, RUSS ISHAM,
CHRIS HOY, and BRONSON HOPPE,

                    Defendants.

_____

COFFIN, Magistrate Judge:

    Plaintiff Kristine Phillips is a Marion County Sheriff's Deputy. She had been terminated from

her job, but ultimately was reinstated. She alleges that she was treated differently than similarly

situated male employees with respect to her termination and that, because of her gender, the Marion

County Sheriff's Office had repeatedly failed to reinstate her and pay her back pay.

    Plaintiff asserts several claims against Marion County: disparate treatment gender discrimination

in violation of Title VII and ORS 659A.030; breach of contract; breach of duty of good faith and fair

Page 1 - ORDER

dealing; wrongful discharge; and intentional infliction of emotional distress. Plaintiff has agreed to dismiss her wrongful discharge claim.

Plaintiff has also asserted Section 1983 claims against Defendant Russ Isham, defendant Chris Hoy, and defendant Bronson Hoppe for alleged violations of plaintiff's due process and equal protection rights.

Presently before the court are defendants' motion (#38) for summary judgment on all the claims and plaintiff's motion (#69) for summary judgment on the due process claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Page 2 - ORDER

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## DISCUSSION

### Title VII and ORS 659A.030 Claims

Plaintiff concedes that her gender discrimination claims under Title VII and ORS 659A.030 are time-barred except for claims arising from the County's decision in 2008 not to abide by an arbitrator's award that favored plaintiff and the County's alleged failure to follow through with a settlement agreement allegedly made in 2009.

Defendants asserted in their memo that plaintiff's gender discrimination claims based on the alleged mediation agreement fail for several reasons, including testimony from plaintiff that she did not believe the County's action with respect to the mediation agreement had anything to do with her gender. Plaintiff did not address defendants' contentions in her opposition. As such, the gender claims based on the alleged mediation agreement are dismissed due to plaintiff's failure to establish a material fact essential to her claims.

Plaintiff's gender discrimination claims based on the County's action with respect to the arbitrator's award of 2008 remain in the action for now as there appear to be genuine issues of material fact present and even if there were not manifest factual issues present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will

Page 3 - ORDER

afford a more substantial basis for decision.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986);  Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir.  1990).


**Breach of Contract and Duty of Good Faith and Fair Dealing**

Plaintiff asserts two breach of contract claims:  the County refused to honor an agreement to reinstate plaintiff following the June 2008 arbitration award; and the County breached the terms of an alleged settlement reached at a mediation in June of 2009.  Plaintiff also asserts claims for breach of duty of good faith and fair dealing.  Such claims arise from the breach of contract claims.

As to the first claim, plaintiff has been reinstated, but at oral argument plaintiff's counsel stated that plaintiff has not received pay for a period of time starting from the  date of the  arbitration and that plaintiff was told by the County she would paid for such time period.  This court declines to exercise supplemental jurisdiction over this state-law claim.  Plaintiff has not adequately responded to defendants' motion for summary judgment and, if the claim is still viable and in contention,  it appears plaintiff has an adequate remedy with the Employment Relations Board (ERB) or in state court.

This court also declines to exercise jurisdiction over the second breach of contract claim (involving an alleged settlement agreement).  This claim does not have a common nucleus of facts with the federal claims, but is a wholly separate action unrelated to the merits of plaintiff's  Title VII and Section 1983 claims.

Accordingly, this court also declines to exercise supplemental jurisdiction over the related claims for breach of duty of good faith and fair dealing.


Page 4 - ORDER

## Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress fails as the alleged actions by defendants do not constitute an extraordinary transgression of the bounds of socially tolerable conduct. See generally, McGanty v. Staudenraus, 321 Or 532, 543 (1995).

## Due Process and Equal Protection Claims

Defendants have moved to dismiss the equal protection claims against all the individual defendants and the due process claims against defendant Hoppe. However, there are genuine issues of material fact as to the individual defendants' involvement in the alleged violations and defendants' intent, and whether similarly situated males were treated more favorably than plaintiff. See generally p.p. 11-23 of plaintiff's memo(#46).[1]  Even if there were not manifest factual issues present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990). The one exception is the part of plaintiff's equal protection claim against defendant Isham for the placement of plaintiff on administrative leave.  As plaintiff concedes, this particular claim fails as Isham was not employed by the County until three months after plaintiff was put on administrative leave.

Plaintiff's motion for summary judgment on the due process claims is denied for the reasons stated in defendants' opposition (#71).

---

[1]Defendants' motion to strike plaintiff's exhibits 32, 33, 34 and 44 as unauthenticated and as hearsay is denied without prejudice to refile as a motion in limine prior to trial.  The exhibits have not been considered and do not affect this court's ruling.

## CONCLUSION

Defendants motion (#38) for summary judgment is allowed to the extent that: the wrongful discharge claim is dismissed; the gender discrimination claims based on the alleged mediation agreement is dismissed as are the other gender discrimination claims with the exception of the gender discrimination claims based on the arbitration award; this court declines to exercise supplemental jurisdiction over the breach of contract and breach of duty of good faith and fair dealing claims and such claims are dismissed without prejudice to pursue elsewhere; the intentional infliction of emotional distress claim is dismissed; and the part of the equal protection claim against defendant Isham for the placement of plaintiff on administrative leave is dismissed. The remainder of defendants' motion for summary judgment is denied.

Plaintiff's motion (#69) for summary judgment on the due process claims is denied.

The parties are directed to file motions in limine on the following issues: 1) whether the arbitration decision and the ERB decision are admissible evidence at trial; 2) whether the arbitration decision that Marion County committed an unfair labor practice with respect to the handling of plaintiff's two separate inmate incidents, and the related ERB decision, are admissible evidence at trial; and 3) whether there any economic damages related to back pay that may arise in this action as opposed to the state system.

DATED this _____ day of December, 2010 .

_____

THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - ORDER