IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**KRISTINE M. PHILLIPS**,

         Plaintiff,                                                       No. CV 09-6061-MO

           v.                                                          OPINION AND ORDER

**MARION COUNTY SHERIFF'S OFFICE,
a department of Marion County, RUSS
ISHAM, CHRIS HOY, and BRONSON
HOPPE**,

         Defendants.


**MOSMAN, J.**,

Defendants have submitted renewed motions for judgment as a matter of law as to the issues of plaintiff's property interest in reinstatement and defendant Russ Isham's entitlement to qualified immunity. Defendants have also submitted a motion to alter or amend the judgment, as well as alternative motions for a new trial.

The existence of a property interest is a question of law, and I find that Ms. Phillips did not have a constitutionally protected property interest in her reinstatement. I also find that defendant Isham is entitled to qualified immunity. I grant both motions for judgment as a matter of law. Consequently, defendants' motion to alter or amend the judgment and alternative motions for a new trial are denied.

**BACKGROUND**

Ms. Phillips's employment as a deputy sheriff in the Marion County Sheriff's Office was terminated on September 27, 2007, after repeated violations involving the mistreatment of inmates. Ms. Phillips's union filed a grievance on her behalf objecting to the termination. Plaintiff and defendants agreed to binding arbitration. On June 9, 2008, the arbitrator found that there was no just cause for Ms. Phillips's termination and ordered her reinstatement.

Undersheriff Wilkinson ordered Ms. Phillips brought back to work. Ms. Phillips submitted a letter of resignation to her then-current employer that day. On June 10, 2008, Ms. Phillips reported to work, where she was issued her identification badges and uniforms and told when she would be receiving her first paycheck. That afternoon, Sheriff Isham decided to challenge the arbitrator's award and refused to reinstate Ms. Phillips.

On July 2, 2008, Ms. Phillips's union filed a complaint with the Employment Relations Board ("ERB"), to which Marion County objected. On January 26, 2009, the Administrative Law Judge found in favor of Ms. Phillips and ordered Marion County to reinstate Ms. Phillips in compliance with the arbitration award. In February of 2009, Marion County filed objections to the order.

This case came before the Court for a jury trial on May 9–12, 2011. Of the four claims at trial, the jury found for the defendants on three claims: (1) the defendants did not discriminate against Ms. Phillips on the basis of her sex during the events surrounding her termination; (2) there was no sex discrimination involved in her delayed reinstatement; and (3) Ms. Phillips was not denied due process when she was terminated. The jury found for the plaintiff on the fourth claim, finding that Mr. Isham had improperly denied Ms. Phillips due process by delaying her reinstatement. The jury awarded Ms. Phillips $100,000 in damages. The defendants filed these motions in response to the jury's finding on the fourth claim.

**DISCUSSION**

The central issue in defendants' first renewed motion for judgment as a matter of law is whether Ms. Phillips had a constitutionally protected property interest in her reinstatement. I find that Ms. Phillips did not have a property interest in her reinstatement, and I grant defendants' motion. I grant defendant's renewed motion for judgment as a matter of law as it pertains to defendant Isham's qualified immunity. I deny all other motions.

I.    **Renewed Motion for Judgment as a Matter of Law: Reinstatement**

    A.    *The Existence of a Property Interest is a Question of Law*

As a preliminary matter, defendants argue that the existence of a property interest in reinstatement is a question of law and should not have been presented to the jury. In her response, Ms. Phillips argues that the existence of a property interest is a question of fact for the jury. Although there may be some questions of fact surrounding the circumstances of the arbitration award, it is the Court's role to determine, as a matter of law, whether an agreement rises to the level of a constitutionally protected interest. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991); *Wheaton v. Webb-Petett*, 931 F.2d 613, 616 (9th Cir. 1991).

    B.    *Ms. Phillips Did Not Have a Property Interest in Her Reinstatement*

Ms. Phillips alleges a property interest in her reinstatement. A constitutionally protected property interest exists if there is a statute or contract that is meant to be a substantive restriction on the state's discretion. Because the relevant statute and contract were not intended to be substantive restrictions on the state's discretion, Ms. Phillips did not have a constitutionally protected property interest in her reinstatement.

### 1.    Ms. Phillips's Proposed Property Interest

It is important to note at the outset the proposed property interest at issue. There is no dispute that Ms. Phillips had a property interest in her continued employment, and this motion does not concern that interest. The parties disagree as to whether Ms. Phillips had a constitutionally protected property interest in her reinstatement granted by the arbitration award. I address this proposed property interest below.

### 2.    Legal Standard

Constitutionally protected property interests can be created by either state statute or contract. *See Bd. of Regents of State Colls.*, 408 U.S. at 577; *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). In order for a statute or contract to create a property interest, it must have been intended as a substantive restriction on the state's discretion. *See Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1178 (9th Cir. 1998).

State statutes are the most typical source of constitutionally protected property interests. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls.*, 408 U.S. at 577.

But, contracts can also create a property interest. The Supreme Court emphasized that "a person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry*, 408 U.S. at 601. Written contracts, as clear evidence of a formal understanding supporting a claim of entitlement, can create protected property interests. *See San Bernardino Physicians' Servs. Med. Grp., Inc. v. Cnty. of San Bernardino*, 825 F.2d

1404, 1408 (9th Cir. 1987) (citing *Perry*, 408 U.S. at 601) ("Thus, a constitutionally protectable entitlement may arise from contractual language providing for discharge from employment only for 'cause.'").

In their reply, defendants both admit and deny that contracts can create constitutionally protected property interests. On the same page, defendants assert that property interests arise solely from statutes or regulations, and then admit that contracts "can serve as the basis for a property right." The defendants cannot have it both ways. I recognize that contracts, as well as state statutes, can create constitutionally protected property interests. Here, Ms. Phillips points to the Collective Bargaining Agreement ("CBA") as the contractual source of her alleged property interest in reinstatement.

In order for a state statute or contract to create a constitutionally protected property interest, it must have been intended as a substantive restriction on the state's discretion. *See Mustafa*, 157 F.3d at 1178 ("A state law does not create a property right merely because it creates procedural guarantees; rather, the interest is created 'if the procedural requirements are intended to be a significant substantive restriction on… decision making.'"). A state statute or contract that gives the state options in its decision-making does not restrict the state's discretion. *See Brady v. Gebbie*, 859 F.2d 1543, 1548 (9th Cir. 1988). Language that substantively binds the state's actions, such as a contract provision allowing the state to discharge an employee only "for cause," raises a property interest to a constitutionally protected level. *Wheaton*, 931 F.2d at 616–17.

3.      **Ms. Phillips Did Not Have a Property Interest in Her Reinstatement**

a.      **The Statute Does Not Create a Property Interest**

The relevant state statute does not create a constitutionally protected interest in her reinstatement. Oregon Revised Statutes §243.706(1) states, "Public employers *may* enter into a written agreement [with a union]… setting forth a grievance procedure culminating in binding arbitration." (emphasis added). The statute does no more than allow the state to choose whether or not to enter into binding arbitration; it does not require the state to take any specific action. The statute was not intended to be a substantive restriction on the state's discretion. Although Marion County agreed to enter into the binding arbitration, they were not compelled to do so by the statute, and therefore the statute cannot be said to create a constitutionally protected property interest in the outcome of that arbitration.

b.      **The CBA Does Not Create a Property Interest**

Similarly, the CBA does not create a constitutionally protected property interest in her reinstatement. The CBA provides for the possibility of binding arbitration, but it is within the County's discretion to decline. On its face the CBA does not pose any real substantive restriction on the state's discretion sufficient to give rise to a property interest.

Ms. Phillips argues that once the state has chosen to enter binding arbitration, she acquires a property interest in the outcome. But the decision to enter into binding arbitration is merely contemplated in, but not directed by, the CBA. The property interest she alleges, in other words, is founded in a discretionary decision by the state, not the CBA. The proper analysis of a proposed property interest is *ex ante*, by looking at an appropriate organic source such as a contract or statute, not *ex post*, after the state has acted. It would prove too much to grant claimants a property interest in the outcome of discretionary decisions by the state.

As further evidence that Ms. Phillips does not have a property interest in reinstatement, the alleged interest would be quite atypical of other property interests. The property interest could not have been defined until after the arbitration process was completed. If the CBA created this property interest, then it initially did not give rise to a tangible, definite interest, but rather an opportunity for a favorable outcome. Ms. Phillips did not know if the arbitration award would yield a property interest at all, let alone what the contours or boundaries of that interest would be. As a result, both the existence and the terms of her property interest were not contingent upon an act of the state, but upon an act of an independent arbitrator. These characteristics are atypical of the constitutionally protected property interests upheld in court.

For the reasons stated above, I grant defendants' renewed motion for judgment as a matter of law.

## II.    Renewed Motion for Judgment as a Matter of Law: Qualified Immunity

### A.    *Legal Standard*

Qualified immunity may shield government officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A two-step analysis is used in determining whether an actor is entitled to qualified immunity: (1) Was the law governing the official's conduct clearly established; and (2) Given a clearly established standard, could a reasonable official believe that his or her conduct was lawful? *See Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993).

### B.    *Defendant Isham is Entitled to Qualified Immunity*

I grant defendant's motion for judgment as a matter of law as it pertains to Mr. Isham's entitlement to qualified immunity because the law governing his conduct was not clearly

7 – OPINION AND ORDER

established. Mr. Isham concluded that the arbitration award was contrary to public policy and

was therefore unenforceable. Mr. Isham relied in good faith on a similar case where an

arbitrator's award reinstating a corrections officer was unenforceable under Or. Rev. Stat.

§243.706(1). Although Mr. Isham's analysis of Or. Rev. Stat. §243.706(1) turned out to be

incorrect, it would not have been clear to him that under the facts of Ms. Phillips's case, refusing

to honor the arbitration award was unlawful and violated the Constitution. The advanced state of

litigation on this issue is further evidence that the law governing Mr. Isham's conduct was not

clearly established. He is entitled to qualified immunity.

III.   **Motion to Alter or Amend the Judgment**

I deny defendants' motion to alter or amend the judgment because it is fails to meet the

requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Such a motion is only

appropriate if (1) the district court is presented with newly-discovered evidence; (2) the trier of

fact made a clear error or made an initial decision that was manifestly unjust; or (3) there is an

intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th

Cir. 2001). None of these circumstances are present in this case. Defendants' motion is denied.

IV.   **Alternative Motions for a New Trial**

I deny defendants' alternative motions for a new trial. The trial court must have a firm

conviction that the jury has made a mistake to warrant a new trial. *Landes Const. Co., Inc. v.

Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987) (citing *Tennant v. Peoria & Pekin

Union Ry.*, 321 U.S. 29, 35 (1944). I have found that the existence of a property right in Ms.

Phillips's reinstatement was not a question for the jury and granted the defendants' renewed

motions for judgment as a matter of law, removing any need for a new trial. The motion is

thereby denied.

**CONCLUSION**

I GRANT defendants' renewed motions for judgment as a matter of law as they pertain to the questions of Ms. Phillips's property interest in her reinstatement and Mr. Isham's entitlement to qualified immunity. I DENY defendants' motion to alter or amend the judgment and alternative motions for a new trial.

IT IS SO ORDERED.

DATED this  1st  day of August, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court