IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KRISTINE M. PHILLIPS**,

        Plaintiff,

    v.

**MARION COUNTY SHERIFF'S OFFICE, et al.**,

        Defendants.

No. 3:09-cv-6061-MO

OPINION AND ORDER

**MOSMAN, J.**,

    After a four-day jury trial in this case, the jury returned a verdict for plaintiff Kristine Phillips on a 42 U.S.C. § 1983 claim against Defendant Russ Isham, based on a due process violation. The jury ruled in defendants' favor on plaintiff's three other claims. On August 1, 2011, I granted defendants' renewed motion for judgment as a matter of law on plaintiff's § 1983 claim against Mr. Isham. I concluded that, as a matter of law, Ms. Phillips did not have a constitutionally protected property interest in her reinstatement, and that Mr. Isham is entitled to qualified immunity. Before that ruling, however, both parties had moved for attorney fees and costs. I now deny plaintiff's request for fees [143] and costs [152], deny defendants' request for attorney fees [154], and award defendants' costs [156].

1 – OPINION AND ORDER

## DISCUSSION

I deny plaintiff's request for fees and costs because, having not prevailed on any claims, plaintiff is entitled to neither attorney fees nor costs. I will address defendants' fees and costs separately.

### I.     **Attorney Fees**

Defendants seek attorney fees incurred in defending five of plaintiff's claims: (1) sex discrimination, (2) equal protection denial, (3) wrongful discharge, (4) intentional infliction of emotional distress, and (5) due process violations. As plaintiff points out, a prevailing civil rights defendant is only entitled to attorney fees if a claim "was frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). This requirement applies in the civil rights context because "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of [civil rights laws]." *Id*. at 422.

As defendant argues, as long as claims are sufficiently distinct, a prevailing defendant can recover fees for frivolous claims, even if the plaintiff has also brought non-frivolous claims. *Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011) ("[T]he presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed."). "[T]he dispositive question is not whether attorney costs at all relate to a non-frivolous claim, but whether the costs would have been incurred in the absence of the frivolous allegation." *Id*. at 2216. Defendant, as the fee applicant, bears the burden of showing that specific fees would not have been incurred "but-for" a frivolous claim. *Id*.

I find none of plaintiff's claims were "frivolous, unreasonable, or groundless." As defendants acknowledge, several of plaintiff's claims made it past summary judgment, and plaintiff's due process claim only failed after the jury returned a verdict in her favor. The wrongful discharge and intentional infliction of emotional distress claims did not make it to trial, but that alone does not render them "frivolous, unreasonable, or groundless." *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980) ("Allegations that, upon careful examination prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation.'"). And, even if I found these two claims frivolous, defendant has not carried its burden to show what portion of fees would not have been incurred "but-for" those claims. Accordingly, defendants' request for attorney fees is denied.

## II.   Costs

Federal Rule of Civil Procedure "54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir.1999). Where a district court declines to award costs, it must explain "why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mexican-Am. Educators v. California,* 231 F.3d 572, 593 (9th Cir. 2000). It is not uncommon for district courts to decline to award costs to prevailing defendants in civil rights cases to prevent discouraging citizens from bringing meritorious, if ultimately unsuccessful, civil rights actions. *See, e.g., id.; Stanley,* 178 F.3d at 1080 ("Without civil litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483 (1954)."). However, the amount of costs at issue and the financial means of the particular civil rights litigant are important to this analysis because the underlying concern is that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill

3 – OPINION AND ORDER

civil rights litigation." *Stanley,* 178 F.3d at 1080. Thus, in determining whether a cost award might chill future civil rights litigation, a court should consider the plaintiff's financial resources and also the amount of costs at issue. *See id.*

Here, I conclude that plaintiff has not given me adequate reason to disturb the presumption in favor of costs. Although plaintiff's claims are important, there is no clear indication that awarding costs under circumstances such as these will have any chilling effect on future litigants. While there may be disparity between the resources of defendants and plaintiffs, plaintiff has not asserted or demonstrated that paying defendants' costs will actually pose a financial hardship. Nor has she taken issue with any of those specific costs. Considering the length of this proceeding, defendants' costs of $4,522.28 appear relatively modest.[1] Accordingly, I award defendants costs in the amount of $4,522.28.

## CONCLUSION

I deny plaintiff's motion for fees [143] and bill of costs [152] because plaintiff is not a prevailing party. Defendants' request for attorney fees [154] is denied, but defendants are awarded costs [156] in the amount of $4,522.28.

IT IS SO ORDERED.

DATED this   7th   day of September, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] According to defendants, they had sought a "full cost award" even before I granted their motion for judgment as a matter of law. (Defs.' Memo. in Support of Mot. for Fees (#155) 4). Whether or not such an award would have been appropriate had they not prevailed on all claims, it is appropriate now that they have done so. Accordingly, I need not adjust the costs defendants seek to account for the fact that they ultimately prevailed on all claims.